**ORIGINAL**

FILED

11/20/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0610

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 24-0610

_____

360 RECLAIM, LLC, a Montana limited
liability company,

      Plaintiff and Appellant,

    v.

WILLIAM M. RUSSELL, an individual, and
MOUNTAIN VIEW INVESTMENTS, L.C.,
an Idaho limited liability company,

      Defendants and Appellees,

    v.

WILLIAM M. RUSSELL,

      Plaintiff and Appellee,

    v.

360 RECLAIM, LLC, a Montana limited
liability company,

      Defendant, Counter-Plaintiff,
      Third-Party Plaintiff and Appellant,

    v.

WILLIAM M. RUSSELL,

      Counter-Defendant and Appellee,

    and

U.S. TREASURY by and through the
INTERNAL REVENUE SERVICE,

      Third-Party Defendants.

_____

**O R D E R**

FILED

NOV 2 0 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellee Mountain View Investments, L.C. (MVI), moves to dismiss the appeal filed by 360 Reclaim, LLC (360), that seeks to appeal from the October 1, 2024 Order and Rationale on Remand and on Various Motions of the Eleventh Judicial District Court, Flathead County, in its Cause No. DV-19-305(A).

MVI argues this Court lacks jurisdiction to hear this appeal because the order at issue is not a final order and is not an immediately appealable interlocutory order. 360 responds that the order is immediately appealable under M. R. App. P. 6(3)(h) because it is the court's final decision on the referenced matter and directs the delivery, transfer, or surrender of property.

The subject order skillfully summarizes the history of this lengthy litigation, and thus we do not reiterate that history except to note the key ruling of the order: Concluding that Russell successfully redeemed the real property that is the subject of the litigation, the District Court ordered that Russell is entitled to take possession of the property no later than November 1, 2024.

360 then filed its appeal pursuant to M. R. App. P. 6(3)(h), as it asserts the order constitutes the District Court's final decision on the question of whether Russell successfully redeemed the real property and orders 360 to surrender the property to Russell.

MVI argues the order is not immediately appealable because it is not the District Court's final order on "all" of the property at issue in the case as a dispute remains as to certain personal property. MVI's argument is unpersuasive, because there is no question that this order is the District Court's final order regarding this specific real property. The fact that the court has yet to rule on *other* property does not affect the finality of its ruling regarding *this* property.

Therefore, we agree with 360 that the October 1, 2024 Order and Rationale on Remand and on Various Motions is immediately appealable under M. R. App. P. 6(3)(h).

IT IS THEREFORE ORDERED that that the motion to dismiss this appeal is DENIED.

2

The Clerk is directed to provide copies of this Order to all parties.

Dated this 20th day of November, 2024.

_____
Chief Justice

_____

_____

_____
Justices